# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL IBARRA GAMBOA, A#216-984-056, | Case No.: 3:26-cv-0469-DMS-JLB |
| Petitioner, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| MERRICK B. GARLAND, et al., | |
| Respondents. | |

Petitioner Pavel Ibarra Gamboa ("Petitioner"), an immigration detainee housed at the Otay Mesa Detention Center, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a Motion to Proceed In Forma Pauperis ("IFP"), ECF Nos. 1, 2. Upon review, and for the reasons discussed below, the Court **DENIES** the motion to proceed in forma pauperis and **DISMISSES** the case without prejudice.

Both the Petition and the IFP Motion are signed by Petitioner's "long-term partner," Osleidy Ofarrill Fuentes ("Fuentes"), as "next friend." ECF No. 1-2 at 1; ECF No. 1 at 5; ECF No. 2 at 1. "'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no

1

means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163.

In order to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

In addition, "[c]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). While the federal habeas statute does not prevent a "next friend" from pursuing a habeas action on behalf of, "it does not authorize the 'next friend' to proceed without an attorney." *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. 2023); *see also Hinojosa v. Warden, SATF/SP*, 2023 WL 2874169, at *2 (E.D. Cal. 2023) ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."), report and recommendation adopted, 2023 WL 4711303 (E.D. Cal. 2023).

Furthermore, this Court's Local Rules provide, in relevant part:

> Any person who is appearing propria persona, (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney.

S.D. Cal. CivLR 83.11(a).

Here, because Fuentes does not appear to be an attorney, and she may not represent Petitioner as "next friend" pro se, the Court **DENIES** the Motion to Proceed IFP (ECF No. 2) and **DISMISSES** the Petition without prejudice. To have the case reopened, Petitioner must, **no later than March 16, 2026**: (1) either pay the $5.00 filing fee or submit a request to proceed IFP *signed by Petitioner* and (2) file an Amended Petition signed by Petitioner or licensed attorney. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank application to proceed in forma pauperis and a blank § 2241 habeas form petition.*

**IT IS SO ORDERED.**

Dated:  January 28, 2026

Hon. Dana M. Sabraw
United States District Judge

3

3:26-cv-0469-DMS -JLB